Filed 8/16/16  P. v. Russell CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TERRANCE RUSSELL,<br><br>    Defendant and Appellant. | D069462<br><br><br><br>(Super. Ct. No. SCD262599) |


APPEAL from a judgment of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Terrance Russell's appointed appellate counsel has filed a brief asking this court to independently review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm the judgment.

PROCEDURAL BACKGROUND

The San Diego County District Attorney charged Russell in an amended information with (1) unlawfully taking or driving a vehicle (count 1: Veh. Code, § 10851, subd. (a)), and (2) receiving a stolen vehicle (count 2: Pen. Code,[1] § 496d). The information alleged as to both counts that Russell previously had been convicted of felony vehicle theft in violation of Vehicle Code section 10851 within the meaning of Penal Code section 666.5, subdivision (a). The information further alleged that Russell had suffered five probation denial priors (§ 1203, subd. (e)(4)), and two strike priors within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12 & 668).[2] A jury convicted Russell of count 1,[3] and Russell admitted the truth of the allegations he had suffered two prior strikes and previously had been convicted of felony vehicle theft in violation of Vehicle Code section 10851 within the meaning of Penal Code section 666.5, subdivision (a).

At the sentencing hearing on October 23, 2015, the court denied Russell's motion to dismiss his two prior strikes pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The court then sentenced Russell to the middle state prison term of three

---

[1]  All further statutory references are to the Penal Code unless otherwise specified.

[2]  The two alleged prior strikes were a 1988 conviction of involuntary manslaughter with personal gun use (§§ 192, subd. (b) & 12022.5) in *People v. Russell* et al. (Super. Ct. San Diego County, 1988, CR97032) and a 1991 robbery (§ 211) in *People v. Russell et al.* (Super. Ct. San Diego County, 1991, CR125658).

[3]  The court instructed the jury that, although Russell was charged with two counts, he could only be convicted of one of those counts, and, if they found him guilty of count 1, they must return the count 2 verdict form unsigned.

2

years for his count 1 conviction and doubled that term to six years under the Three Strikes law. The court imposed a concurrent low term of two years for the probation violation (§ 273.5, subd. (a)) in *People v. Russell* (Super. Ct. San Diego County, 2008, SCD215462). The court also dismissed count 2 and ordered various fines and fees, including $17,895.11 in victim restitution (§ 1202.4, subd. (f)).

## FACTUAL BACKGROUND

On September 12, 2014, at about 3:00 p.m., Russell went to a U-Haul office in San Diego where he had previously rented equipment. U-Haul employee Montreal Cavalier rented to Russell a 10-foot van box truck. Russell filled out a contract, and Cavalier estimated the rental rate plus mileage and other fees to be $48.58 and no payment was made at that time.

Russell signed the contract, which showed he was to return the truck by September 14, 2014, at 3:00 p.m. The contract contained information that Russell provided, including a phone number, an e-mail address, a physical address, his name, and the serial number of the truck – TM3250B.

Robert Hunsaker, the area field manager for 25 U-Haul facilities, testified that U-Haul's computer system will not allow employees to extend the rental time beyond 30 days. U-Haul will accept payments on the rented equipment after the date it is supposed to have been returned, but not after a vehicle has been reported stolen. Hunsaker would get involved when a truck is late by making notes in the system immediately after any contact or attempted contact with a customer.

3

On September 15, 2014, the day after Russell was supposed to return the truck, Cavalier called him and extended his contract to September 17, 2014.

On September 16, 2014, a log entry in U-Haul's computer system showed that Russell's credit card was declined by the bank. Two days later a U-Haul representative called Russell, who said he would return the truck that night.

On September 19, 2014, after Russell still had failed to return the truck, a U-Haul employee sent an e-mail to the address Russell had provided, specifically referencing the 10-foot moving van and its serial number. The same employee left a voice message notifying Russell that if he did not return the truck, U-Haul would initiate the stolen vehicle process and anyone caught driving the truck would be prosecuted. Cavalier made an entry noting he had called Russell, there was no answer, and he then left a voice mail for Russell to return the call. Hunsaker testified that he did a drive-by that day to see if the truck was at the address given by Russell, but did not find the truck there and made an entry in the system to that effect. He also initiated a "red bar check list" on the schedule log showing Russell was late in returning the truck. Also, Hunsaker asked the U-Haul recovery department to send out a demand letter. Later, Hunsaker filed a stolen vehicle report with the police.

Between September 16, 2014, and September 20, 2014, some payments were made on the account. A September 16, 2014 log entry showed payments of $5 and $10. Log entries the next day showed payments of $5, $20, $20, and $40. Three days later, on September 20, later log entries showed payments of $50, $100, and $50. Hunsaker,

4

testified that Russell paid a total of $1,150 for the truck he rented. Hunsaker estimated Russell owed about $17,000 on the truck less the $1,150 he paid.

On June 25, 2015, Officer Christopher Spencer of the San Diego Police Department saw a U-Haul truck traveling on Boundary Street and conducted a record check of the truck's license plate, which showed the truck had been reported stolen. Officer Spencer stopped the truck and arrested Russell. Officer Spencer searched the cargo area of the truck and found it was half full with Russell's personal belongings.

DISCUSSION

Russell's appellate counsel has filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), summarizing the proceedings below and indicating she was unable to find any reasonably arguable issues for reversal or modification of the judgment on appeal. Russell's counsel has identified the following issues that "might arguably support the appeal" (*Anders*, at p. 744): (1) "[D]id the court properly admit the U-Haul computer log as a business record under Evidence Code section 1271, an exception to the hearsay rule?"; (2) "Did the court properly deny the defense-requested limiting instruction: 'You, the jury, still must conclude that the defendant knew that the owner had stopped consenting to the possession of the vehicle by that date or on that date[?]'"; (3) "Did the prosecutor commit misconduct during his opening and closing argument by asking the jury to use common sense in evaluating the reasonableness of the evidence?" and "[d]id this lower the burden of proof by equating reasonable doubt with common sense?" and "[d]id counsel render

5

ineffective assistance of counsel by failing to object?"; and (4) "Did the court give proper reasons for declining to strike [Russell] strike convictions?"

We granted Russell permission to file a brief on his own behalf. He did not do so.

Our review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, including the issues identified by Russell's counsel, has disclosed no reasonably arguable appellate issues. Accordingly, we affirm the judgment. Russell's appellate counsel has competently represented him in this appeal.

DISPOSITION

The judgment is affirmed.

NARES, J.

WE CONCUR:

HUFFMAN, Acting P. J.

O'ROURKE, J.